UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KEEGAN CARRADINE, et al | CIVIL ACTION 14-391 |
| VERSUS | U.S. DISTRICT JUDGE JAMES |
| IASIS GLENWOOD REGIONAL MEDICAL CENTER, et al | U.S. MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is motion to dismiss (**doc. # 17**) filed by defendant, IASIS Glenwood Regional Medical Center (Glenwood) and referred to me by the district judge for Report and Recommendation. Claimants, Keegan Carradine (Curator) and her sisters, Arlicia Carradine (Under Curator), and Orlanda Hardwell, filed suit against defendant, Glenwood, for damages to their mother, Ora Bradley, as well as for their own alleged damages. The suit alleges negligence and intentional acts on the part of the hospital when Bradley was found to have become disconnected from her ventilator resulting in permanent brain damage. By amending petition, plaintiffs added the manufacturer of the ventilator, Draeger Medical, Inc. to the suit and specifically alleged fault on its part.

The case was removed by Draeger on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Also pending is a separate, but related, proceeding against medical providers in a Medical Review proceeding.

1

The Curators of Mrs. Bradley sue for Bradley's injuries and the three siblings also allege their own damages for mental distress. Plaintiffs allege that after Bradley became disconnected from the ventilator, no alarm sounded due to the fact that hospital employees had turned off or down the alarm on the machine. Plaintiffs allege the hospital, through its employees knew the equipment was defective before using it to assist Mrs. Bradley. Mrs. Bradley has since died.

Defendant's move to dismiss the claims for two reasons: First, because the claims are premature because they were not first submitted to a Medical Review Panel in accordance with the Louisiana Medical Malpractice Act (LMMA or Act) and, second, because plaintiffs' individual claims for mental distress are not authorized by Louisiana law. Plaintiffs oppose the motion on the basis that some of their claims are for intentional acts, which claims are excluded from the Act. Plaintiffs oppose the dismissal of their individual claims and suggest they should be allowed to amend their suit to allege claims arising from Bradley's death.

<u>Mrs. Bradley's claims</u>

The LMMA requires that no malpractice lawsuit be filed against covered health care providers until the complaint has first been presented to a medical review panel established by the Act. LSA-R.S. 40:1299.47.

It is undisputed that Glenwood is a covered health care provider.

The Act defines malpractice as:

> "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider

arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient. " LSA-R.S. 40:1299.41(A)(8).

As defendants point out in brief, the Act covers "virtually any breach of duty or contract causing injury or damage." Sibley v. Bd. of Supervisors, 477 So.2d 1094, 1102 (La. 1985).If conduct alleged is malpractice according to the Act, then it is irrelevant that the conduct might also give rise to alternative theories of liability. See Rogers v. Synthes, Ltd. 626 So.2d 775, 777 (La. App. 3rd Cir. 1993); Silvestrini v. Intuitive Surgical, Inc., 2012 WL 380283 (E.D.La., 2012).

Plaintiffs claim that defendants "displayed an intentional disregard and/or were negligent" in failing to ensure the ventilator was connected and that the alarms were turned on, failing to supervise and assist, failure to take reasonable precautions and failure to warn.

The fact is that the claims made all arise out of the alleged failure to monitor or improper monitoring of a hospital patient on a ventilator. The claims, if true, easily fit the Act's definition of malpractice. Even plaintiffs' suggestion that the acts of defendant were intentional in that they intentionally turned down the alarms, do not arise to an intentional act as envisioned by the Act, but, rather, are nothing more than an act of negligence. There is no allegation that defendants actively desired to bring about harm to Mrs. Bradley. See Bazley v. Tortorich, 397 So.2d 475, 481 (La. 1981).

Despite the rather clear language contained in the definition of malpractice in the LMMA, the Louisiana Supreme Court has set forth a list of factors to be considered in determining whether a claim is really one for malpractice. In Coleman v. Deno, 813 So.2d 303 (La. 2002), the court set out the factors to be considered:

1) Whether the injury was treatment related or caused by dereliction of professional skill,

3

2) Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,

3) Whether the act or omission involved assessment of the patient's condition,

4) Whether the incident occurred in the context of a physician-patient relationship, or was within the scope of activities the hospital was licensed to perform,

5) Whether the injury would have occurred if the patient had not sought treatment, and

6) Whether the act was intentional.

In this case, Mrs. Bradley was under active medical care for the condition for which she sought treatment at the hospital. The acts alleged are all directly related to the use of a ventilator and the determination whether there was a dereliction of professional skill would require expert testimony. The Coleman factors require a finding that the conduct alleged, if true, constituted malpractice.

As a result, the LMMA mandates that the claims first be presented to a medical review panel. Until so presented the claims in this suit are premature. Dismissal of those claims is the appropriate remedy. Miller v. Griffin-Alexander Drilling Co., 685 F. Supp. 960, 967 (W. D. La. 1988), aff'd, 873 F.2d 809 (5th Cir. 1989).

Plaintiffs' individual claims

Plaintiff's have asserted claims for their own mental anguish. They allege that they experienced physical, mental and emotional suffering due to their mother being terrified and experiencing fear as a result of her deteriorating condition.

The applicable statute, La. Civil Code Art. 2315.6, allows recovery by certain family members "who view an event causing injury to another person, or who come upon the scene of the

event soon thereafter."[1] As pointed out by defendant, here plaintiffs do not allege that they were present or witnessed the actions of the defendant with regard to the ventilator, but rather learned of them later through a third party. Therefore plaintiffs fail to state a valid claim for relief under Louisiana law.

Plaintiffs, however, seek to file a second amending complaint (see deficient doc. #25) to, among other things, more specifically allege their intentional act theory and to assert claims for survival damages and wrongful death damages. However, a reading of that proposed amending complaint does not change my analysis with regard to the intentional act allegations, as discussed above. Neither does the proposed amendment change plaintiffs' claim for "Lejeune" damages under CC 2315.6.

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss be GRANTED and that plaintiffs' claims against Glenwood, on behalf of Mrs. Bradley and individually, be DISMISSED without prejudice to their right to refile the malpractice, survivor and wrongful death claims after proceedings pursuant to the Louisiana Medical Malpractice Act are completed.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental

---

[1] These damages are commonly referred to as Lejeune damages because the statute codified the court's holding in <u>Lejeune v. Rayne Branch Hosp.</u>, 556 So.2d 559 (La. 1990).

objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Thus done and signed at Alexandria, Louisiana, this 28th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE